UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YURIDIA DE LA CRUZ, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> CREDIT BUREAU COLLECTION ) <br> SERVICES, INC., d/b/a CBCS, ) <br> ) <br> DEFENDANT. ) | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Yuridia De La Cruz, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Credit Bureau Collection Services, Inc., d/b/a CBCS. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337, and 1367.

2. Venue in this District is proper because Defendant does business here.

## PARTIES

3. Plaintiff, Yuridia De La Cruz, ("Plaintiff") is an individual and resident of the State of Illinois, who is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Credit Bureau Collection Services, Inc., ("Defendant") is an Ohio corporation that, from its headquarters in Ohio, acts as a "debt collector" as defined

by and within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA, and is engaged in the business of collecting debts in this State where Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

  5. In fact, Defendant was acting as a debt collector as to the delinquent consumer debt it was attempting to collect from the Plaintiff.

  6. Defendant is authorized to conduct business in Illinois and maintains a registered agent here. (Exhibit A, Record From Illinois Secretary of State).

  7. In fact, Defendant conducts business in Illinois.

  8. Defendant is licensed as a collection agency in Illinois. (Exhibit B, Record from Illinois Division of Professional Regulation).

  9. Defendant has been a member of a collector's trade organization, ACA International, since 1960.

  10. ACA International provides educational and training material to help members comply with the FDCPA, including such publications as FastFax8000, on Adding Fees to Debts.

## FACTS

  11. On an unknown date before December, 2010, Plaintiff defaulted on a disputed consumer debt with Verizon Wireless incurred for cellular telephone service. ("alleged debt").

  12. Plaintiff thereafter received a letter from Defendant seeking payment of the alleged debt owed to Verizon Wireless. Said letter claimed that Plaintiff owed a

"Principal Balance" of $910.72 and a "collection fee" in the amount of $273.21, for a total balance of $1183.93. (Exhibit C, Letter from Defendant dated December 17, 2010).

13. On April 4, 2011, Plaintiff again received a letter from Defendant seeking payment of the alleged debt owed to Verizon Wireless. Said letter also claimed that Plaintiff owed a "Principal Balance" of $910.72 and a "collection fee" in the amount of $273.21, for a total balance of $1183.93. (Exhibit D, Letter from Defendant dated March 26, 2011).

14. Verizon's customer agreement with Plaintiff, which gave rise to the alleged debt, provides that it may charge Plaintiff for any collection agency fees billed to Verizon for trying to collect a debt owed to Verizon as the result of Plaintiff's nonpayment.

15. Defendant provides "contingency collections", which means that Defendant would only charge Verizon if it collected the alleged debt, or some portion thereof, from Plaintiff. (Exhibit E, Web Capture from Defendant's Website).

16. Defendant did not obtain payment from Plaintiff for the alleged debt.

17. Defendant has not billed or charged Verizon $273.21, or any other amount, for its attempts to collect the alleged debt.

18. Verizon has not paid any collection fee to Defendant.

19. Plaintiff did not, and does not, owe a collection fee of $273.21 to Verizon or any of its assignees.

20. It is black letter law that a debt collector may not attempt to collect any amount above the principal of the obligation, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

Defendant bears the burden of proof that it is within the "unless" clause of §1692f(1). See, e.g., *Meacham v. Knolls Atomic Power Lab*, 128 S.Ct. 2395, 2400, 171 L.Ed. 2d 283 (2008) ("The burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits.") (quoting *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45, 68 S. Ct. 822, 92 L. Ed. 1196, 44 F.T.C 1499 (internal quotation marks omitted)).

21. Defendant's attempt to collect a collection fee from Plaintiff in the amount of $273.21 violates the FDCPA, as the collection of said amount is not authorized by the agreement creating the debt, or allowed by law.

22. Notably, the account relating to the alleged debt has recently been purchased from Verizon by AFNI, Inc., a debt buyer.

23. AFNI, Inc. has sent Plaintiff a collection letter demanding payment of the alleged debt, wherein it states that Plaintiff owes a balance of $910.72, and not $1183.93 as sought by Defendant. (Exhibit F, Letter from AFNI, Inc. stating alleged debt balance of $910.72.)

24. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.***

25. Plaintiff incorporates paragraphs 1-24.

26. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

a) Defendant violated 15 U.S.C § 1692e when it deceptively attempted to collect a debt from Plaintiff in a false amount;

b) Defendant violated 15 U.S.C § 1692e(2) when it misrepresented the amount of the alleged debt;

c) Defendant violated 15 U.S.C § 1692e(10) when it deceptively attempted to collect a debt from Plaintiff in a false amount;

d) Defendant violated 15 U.S.C § 1692f when it used unfair means to attempt to collect a debt from Plaintiff by inflating the amount of the alleged debt;

e) Defendant violated 15 U.S.C § 1692f(1) when it unfairly attempted to collect a "collection fee" where said fee was not authorized by the agreement creating the debt, or permitted by law;

f) Defendant violated 15 U.S.C § 1692g when it failed to send Plaintiff a written notice containing the correct amount of her alleged debt, within 5 days after the initial communication with Plaintiff;

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

a. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

b. Actual damages suffered by the Plaintiff;

c. Plaintiff's attorney fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands trial by jury.


**The Law Office of M. Kris Kasalo, Ltd.**　　By:　s/ Mario Kris Kasalo
**"A Consumer Protection Law Firm"**　　　　　Mario Kris Kasalo
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com